## EMMA L. RUTHERFORD, *v.* GEORGE W. ALLEN.

*Petition for appeal under R. L. s.* 1426. *Demurrer.*

1. A demurrer to a petition to the County Court for leave to enter an appeal from the Probate Court upon the ground that the petitioner has been deprived of the right of appeal by fraud, accident, or mistake, admits the facts stated in the petition to be true, and the judgment of the County Court overruling the demurrer and granting the appeal will not be reversed, if fraud, accident, or mistake could be inferred from the facts stated.

2. The parties were brother and sister. Their mother lived with the petitioner in New York. At her death she left a will in favor of the petitioner, which was presented for probate in that State. The petitionee, who resided in Vermont, opposed the probate of the will there, presented a small claim against the estate, and procured the hearing on the probate to be delayed. Meantime he caused administration to be taken out in this State, and got allowed a large and fraudulent claim in his favor. When the statutory limit for an appeal had expired here, he withdrew his opposition in New York. *Held,* that the County Court might in its discretion on these facts allow an appeal.

3. The petition need not aver that the administrator declined to petition for an appeal. It is only necessary under R. L. s. 1426 that the petitioner be deprived of *his* right of appeal by fraud, accident or mistake.

This was a petition to the County Court under R. L. s. 1426, praying for leave to enter an appeal from the allowance of commissioners, and was heard on general demurrer at the December Term, 1889, MUNSON, J., presiding. The court overruled the demurrer, and allowed the appeal, to which the defendant excepted.

*Bliss & Royce,* for the defendant.

There is no allegation of fraud; and no pretence that there was any fraudulent misrepresentation upon which the petitioner relied. If she did not rely upon it, it did not deprive her of her right of appeal. *Bardwell* v. *Parry*, 19 Vt. 302; *Jordan* v. *Money*, 5 H. L. Cas. 185; *Citizens' Bank* v. *First National Bank*, 6 H. L. Cas. 352; 3 Wait's Ac. & Def. 438; *Griswold* v. *Sabin*, 51 N. H. 167, (12 Am. Rep. 76); 3 Wait's Ac. & Def. 440, s. 9 and cases cited; 3 Wait's Ac. & Def. 438, s. 7; *Ide* v. *Gray*, 11 Vt. 615.

If there was any mistake it arose solely from the negligence of the petitioner. *Babcock* v. *Brown*, 25 Vt. 550.

*Stewart & Wilds*, for the petitioner.

This case falls within *Congdon* v. *Congdon*, 59 Vt. 597.

The opinion of the court was delivered by

Ross, J. I. This is a petition to the County Court to be allowed to enter an appeal from the Probate Court under R. L. s. 1426, which provides that the County Court may allow such an appeal to a person entitled to it, but who has been prevented from taking and entering an appeal by fraud, accident or mistake. The statute is remedial. It provides for a proceeding by petition to the County Court, without a jury, and prescribes no form for the petition. The technical common law rules of pleading are not, to their full extent, applicable to such proceeding. The petition must set forth such facts that the court may fairly find therefrom one of the causes specified, and then, in its sound judicial discretion, grant or deny the relief prayed for. The facts stated in the petition are admitted by the demurrer. The case stands in this court, therefore, as though the County Court had upon a proper petition found the same facts, established by proof, and thereon granted the petitioner the relief which was granted in the court below. From the facts thus admitted, we think the County Court could have fairly inferred, or found established, that the petitioner was prevented from taking an appeal in the Probate Court, either by mistake or by fraud. The inherent fault of the contention by the counsel of

Rutherford v. Allen.

the petitionee, as shown by their brief, is, that they sub-divide the facts, and treat each sub-division separately, and contend, with considerable plausibility, if not conclusiveness, that neither group of facts shows that the petitioner was prevented from taking an appeal in the Probate Court, by fraud or mistake. Fraud or mistake is reached only by considering all the facts admitted by the demurrer, in their proper relations each to the other. The parties are brother and sister, and the controversy is over the estate of their mother who lived and died at the petitioner's in the State of New York, and who by will gave her property to the petitioner. The petitionee on going to New York upon the occasion of his mother's death, was informed of the will, made a small claim against the estate, and announced that he should prosecute it there. He acted continuously in accordance with this announcement by opposing the probate of the will, and obtaining delay after delay. This announcement and conduct were well calculated to mislead the petitioner's attention from what he was, without notice to her, industriously doing during all this time in this State in procuring ancillary administration to be taken out on the mother's estate, and the allowance in his favor of a claim against it large enough to absorb the entire estate, which claim by the demurrer is admitted to be without legal foundation. As soon as his claim was thus established in this State, and the time allowed for taking an appeal from the allowance had elapsed the petitionee suddenly withdrew his opposition to the probate of the will in New York. When the will had been established, on coming to this State, where the bulk of the estate was located, the petitioner first is informed of what the petitionee had done. The petitioner alleges that by this conduct and action of the petitionee she was prevented from taking an appeal from the allowance of his claim against her mother's estate, either by fraud or by mistake. If he intended by his announcement of his purpose to prosecute his claim against her estate in New York, and by his opposition to the probate of the will, to gain time to get a much larger claim established in this State beyond the right of appeal, then the result reached was a prevention from taking an appeal by fraud, and, if he did not intend such

a result, his conduct was such as would naturally lead her to omit to look after the estate here until after the will was established, and in that way prevent taking the appeal, by mistake. Either fraud or mistake is therefore justly inferable from the facts admitted by the demurrer. As the County Court allowed the appeal, it is to be presumed that it made such an inference from the facts admitted as is necessary to uphold its judgment. And if such an inference can be legitimately made, and we hold it can be, the judgment of the County Court must be sustained.

II. It is further contended that the petition is insufficient to sustain the action of the County Court, because it does not aver that the administrator declined to appeal. This contention is based upon R. L. 2275. That section provides that when an executor or administrator declines to appeal from the decision of the commissioners, a person interested in the estate, as creditor or legatee, may appeal from such decision. This provision relates to appeals taken within the time allowed by law. The petition avers that no appeal was taken by the administrator or any other person, within the time allowed by law for taking appeals. This is equivalent to an averment that the administrator declined to appeal under this section of the statute. It is further contended that the petition should state that the administrator declined to petition for an appeal under R. L. 1426, the section under which this petition is brought. By this section, the *petitioner* must have been prevented from taking and entering an appeal by fraud, accident or mistake. It is apparent that one of the specified causes may have prevented a creditor or legatee which did not prevent the administrator, or executor, or *vice versa.* Hence, either may be entitled to relief under this section when the other would not. The right to proceed by petition under this provision of the statute, by a creditor or legatee, is not made to depend upon a declination of the right by an administrator or executor, but such right is given directly to the party prevented from taking an appeal by one of the causes assigned.

*Judgment affirmed. On motion by petitionee the cause is remanded with leave to the petitionee to replead on the usual terms.*